SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
DEREK R. HAVEL, Cal. Bar No. 193464
HILARY A. HABIB, Cal. Bar No. 293431
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: dhavel@sheppardmullin.com
hhabib@sheppardmullin.com

Attorneys for Defendant
Little Caesar Enterprises, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| IGNACIO DIAZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LITTLE CAESAR ENTERPRISES, INC., a corporation, and DOES 1-100, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT LITTLE CAESAR ENTERPRISES, INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>(DIVERSITY JURISDICTION)<br><br>(Los Angeles County Superior Court Case No. BC 593253)<br><br>Complaint Filed: September 2, 2015<br>Trial Date: None<br><br>[Filed concurrently with Civil Cover Sheet; Declarations of Brett Yates and Derek R. Havel; Certificate of Interest Parties; and Corporate Disclosure Statement] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Little Caesar Enterprises, Inc. ("Defendant") hereby removes to this Court the state court action entitled *Ignacio Diaz v. Little Caesar Enterprises, Inc.*, Los Angeles Superior Court Case No. BC 593253. This Court has diversity jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND AND PLEADINGS

1. Plaintiff Ignacio Diaz ("Plaintiff") filed a complaint with the Department of Fair Employment and Housing ("DFEH"). (Complaint, ¶ 9.) In his DFEH complaint, Plaintiff made allegations of discrimination, harassment, failure to accommodate, and failure to engage in the interactive process. (*Id*.) On July 17, 2015, the DFEH issued Plaintiff a right-to-sue letter allowing him to bring a civil lawsuit for his claims. (*Id*.)

2. On September 2, 2015, Plaintiff filed his underlying lawsuit against Defendant, and Does 1 through 100 in the California Superior Court for the County of Los Angeles. (*See* Complaint.) On September 15, 2015, Plaintiff served Defendant with the Summons and Complaint. (Declaration of Brett Yates ("Yates Decl."), ¶ 3, Ex. A.) In the Complaint, Plaintiff alleges that he is, and at all times mentioned in the Complaint was, a resident of Los Angeles County, California. (Complaint, ¶ 1.) Plaintiff alleged that he was employed by Defendant since June 2008 at Defendant's Downey, California location. (Complaint, ¶ 10.) Plaintiff alleged the following causes of action against Defendant: (1) disability harassment; (2) disability discrimination; (3) failure to accommodate; (4) failure to engage in the interactive process; (5) retaliation; and (6) failure to prevent discrimination, retaliation, and harassment, all in violation of the Fair Employment and Housing Act

("FEHA"). A true and correct copy of the Complaint is attached to the Declaration of Derek R. Havel ("Havel Decl.") as Exhibit B.

**THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER**

3. This Court's subject-matter jurisdiction is based upon diversity of citizenship. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions between citizens of different states or citizens of a state and citizens of a foreign state where the amount in controversy exceeds the sum or value of $75,000. This civil action involves citizens of different states and the amount in controversy exceeds $75,000.

4. Plaintiff's Citizenship: To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff admitted that he is an individual residing in the state of California in his Complaint. (Complaint, ¶ 1.) Plaintiff therefore is, and was at the institution of this civil action and at all times since, a citizen of the state of California. (*Id.*)

5. Defendant's Citizenship: Defendant is not a citizen of California. For diversity purposes, a corporation is deemed to be a citizen of: (1) the state in which it has been incorporated; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). Defendant is incorporated in the state of Michigan. (Yates Decl., ¶ 2.) Defendant's principal place of business is located in the state of Michigan. (*Id.* at ¶¶ 4-6.) As such, Defendant is a citizen of the state of Michigan only.

6. Doe Defendants: Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 100, inclusive, does not deprive this Court of jurisdiction.

**AMOUNT IN CONTROVERSY EXCEEDS $75,000**

7. This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

8. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198. In other words, the District Court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *Id*. In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Singer*, 116 F.3d at 377.

9. In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return a verdict for

Plaintiff on all claims made in the Complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the Complaint, not what the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

10. Here, although Plaintiff does not pray for a specific dollar amount, the Complaint alleges claims for: (1) disability harassment; (2) disability discrimination; (3) failure to accommodate; (4) failure to engage in the interactive process; (5) retaliation; and (6) failure to prevent discrimination, harassment, and retaliation, all in violation of the FEHA. Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met. *See Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (amount in controversy is based on assumption that plaintiff prevails on all claims).

11. Specifically, Plaintiff seeks the following:

(a) <u>Emotional Distress Damages</u>: Plaintiff requests emotional distress damages. (Complaint, ¶¶ 16, 19, 25, 31, 37, 43, 49, Prayer for Relief.) The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (holding that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim," even where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees"). A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v.*

*PCR Tech.*, 209 F. Supp. 2d 1029, 1033-1034 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in similar discrimination, harassment, and/or retaliation cases. *See, e.g.*, *Bradley v. Department of Corrections & Rehabilitation*, 158 Cal. App. 4th 1612, 1618 (2008) (awarding a single plaintiff $300,000 in non-economic damages for harassment claim); *Hernandez v. Regents of the University of California*, 2009 WL 6045700 (Sept. 2009) (a jury in Alameda County handed down a $266,347 award for pain and suffering to a plaintiff-employee where the plaintiff's employer wrongfully terminated her in retaliation for demanding reasonable accommodations); *Weyhe v. Wal-Mart Stores, Inc.*, 2010 WL 3411462 (Cal. Sup. Ct. July 1, 2010) (awarding a plaintiff $400,000 for his past pain and suffering, finding for the plaintiff on all four causes of action for retaliation, failure to prevent retaliation, failure to provide a reasonable accommodation and failure to engage in the interactive process). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000.

(b) Punitive Damages: Plaintiff also seeks punitive damages. (Complaint, ¶¶ 13, 20, 26, 32, 38, 44, 50, Prayer for Relief.) Punitive damages are recoverable under FEHA. *See* Cal. Civ. Code 3294. Punitive damages should be considered when determining the amount in controversy. *See Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into amount in controversy if they are recoverable under state law); *Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."); *see, e.g.*, *Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413 (2007) (awarding $1 million in punitive damages for an employer's disability discrimination, failure to engage in the interactive process, and retaliation in violation of FEHA); *Weeks v. Baker &*

*McKenzie*, 63 Cal. App. 4th 1128 (1998) (in a harassment case in violation of FEHA, awarding $3,500,000 in punitive damages from the defendant employer).

(c) Attorneys' Fees: Under the FEHA, Plaintiff has also demanded attorneys' fees. (Complaint, ¶¶ 21, 27, 33, 39, 45, 51, Prayer for Relief.) Attorneys' fees shall be awarded to a prevailing plaintiff in a FEHA action. *See* Cal. Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation); *Muniz v. UPS*, 738 F.3d 214 (2013) (a trial court awarded $697,972 in attorney fees in a single-plaintiff action for gender discrimination in violation of FEHA); *Kamali v. Cal. DOT*, 2015 Cal. App. Unpub. LEXIS 1954 (Mar. 17, 2015) (in an action brought under FEHA for failure to engage in the interactive process and failure to provide a reasonable accommodation, confirming an award of $780,660.80 in attorneys' fees).

Counsel for Defendant has defended numerous claims for alleged discrimination, harassment, and retaliation against corporate employers. (Havel Decl., ¶ 3.) Counsel for Defendant is familiar with damages claims made by plaintiffs and awarded by juries in California, as well as claims and awards for attorneys' fees. (*Id*.) Based on that experience, discovery and settlement discussions consistently reveal that a typical plaintiff in such an action regularly seeks more than $75,000, particularly when attorneys' fees are taken into account. (*Id*.)

(d) Compensatory Damages: Through his Complaint, Plaintiff also seeks compensatory damages. (Complaint, Prayer for Relief.) It appears that he seeks compensation for lost wages because Defendant "[cut] his hours." (Complaint, ¶ 13.) Plaintiff does not allege how many hours were allegedly improperly cut. Regardless, any amount of compensatory damages awarded due to this claim would further raise the amount in controversy.

12. Based on Plaintiff's claims, his prayer for relief and the undersigned counsel's previous experience, there is no question that the amount in controversy in this case significantly exceeds $75,000. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees, would exceed $75,000"). Therefore, removal is appropriate and proper.

## THIS REMOVAL NOTICE IS PROCEDURALLY PROPER

13. The Removal Venue Is Proper. Pursuant to 28 U.S.C. section 1446(a), Defendant is filing this Notice of Removal in the U.S. District Court for the Central District of California, Western Division. Because the state court action is pending in the California Superior Court for the County of Los Angeles, the U.S. District Court for the Central District of California, Western Division is the proper district for removal. Venue is also proper in the Central District since the wrongdoing alleged in the Complaint occurred in the County of Los Angeles, State of California. (*See* Complaint, ¶¶ 8, 10, 12.)

14. The Removal Is Timely. Defendant was served with Plaintiff's Complaint on September 15, 2015. (Yates Decl., ¶ 3, Ex. A.) Defendant filed an Answer on October 13, 2015. (Havel Decl., ¶ 2, Ex. D.) This Notice of Removal is timely as it is filed within thirty (30) days of Defendant being served a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. Cal. 2011) (holding that "defendant is entitled to thirty days to exercise his removal rights after being served.")

## NOTICE OF REMOVAL

15. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

16. In compliance with 28 U.S.C. § 1446(a), attached are copies of all of the state-court papers served and filed herein. (*See* Havel Decl., ¶ 2, Exs. B-D.)

**CONCLUSION**

17. For all the reasons identified above, Defendant respectfully requests that this Court proceed with this matter as if the case had been originally filed in the U.S. District Court for the Central District of California, Western Division.

Dated: October 14, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By /s/ Hilary A. Habib
DEREK R. HAVEL
HILARY A. HABIB

Attorneys for Defendant
Little Caesar Enterprises, Inc.